UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>    v.<br><br>RAYSEAN D. ROBINSON and MELISSA LYNN LEE,<br><br>                   Defendants. | Case No. 4:19-cr-00143-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Melissa Lee's Motion to Suppress Evidence and Request for Hearing (Dkt. 25) and Defendant Raysean Robinson's Motion to Suppress Evidence (Dkt. 30). On September 25, 2019, the Court held oral argument and took the motions under advisement. For the reasons outlined below, the Court finds good cause to GRANT the motions.

## II. BACKGROUND

On April 6, 2019, Idaho State Police Trooper Tyler Scheierman (hereinafter "Scheierman") stopped a 2003 Cadillac with Nevada license plates for windows exceeding Idaho tinting limits. Scheierman contacted the passenger side of the motor vehicle, wherein the passenger, Lee, lit a cigarette. Lee immediately extinguished the cigarette upon Scheierman's request to do so. Prior to Lee lighting a cigarette, Scheierman thought he

detected an odor of marijuana coming from the vehicle, but the odor disappeared after Lee lit a cigarette. Scheierman also noted that he observed Lee's carotid artery to be visibly pulsating.

While the driver, Robinson, was gathering his license and insurance, Scheierman confirmed the window tinting of the automobile was too dark and began questioning Robinson regarding his travel plans. Scheierman then instructed Robinson to exit the vehicle and accompany him to his patrol vehicle. While in the vehicle, Scheierman began running Robinson's information. During that time, Scheierman engaged Robinson in conversation, asking questions such as where he was traveling to, why was he traveling there, and what he did for work.

After approximately four and a half minutes from his initial contact with the vehicle, Scheierman returned Robinson's license and insurance items and informed Robinson that he would not give him a ticket for the window tint. However, Scheierman continued to question Robinson. Scheierman asked Robinson if there were any illegal items in the automobile, which Robinson denied. Scheierman then asked if Robinson would consent to his vehicle being searched or if a drug dog could be deployed to go around the vehicle; Robinson denied permission.

After questioning Robinson for approximately 8–9 minutes, Scheierman left the patrol car and again made contact with Lee. Scheierman asked Lee if she had any marijuana, and Lee admitted she had a small amount of marijuana in her purse that she purchased from Washington. After that, Scheierman conducted a search of the automobile, wherein he discovered approximately 541 grams of methamphetamine, 159 pills of

MDMA, 3.7 grams of marijuana, cash, and a digital scale in a duffle back in the trunk of the car. After this discovery, Scheierman arrested both Robinson and Lee. Robinson and Lee were initially charged by the State of Idaho for trafficking. The prosecution was then referred to the United States government (the "Government").

On July 18, 2019 and September 3, 2019, Lee and Robinson, respectively, filed the instant Motions to Suppress, asserting Scheierman's extended stop violated both their Fourth and Fifth Amendment rights, the Due Process Clause of the Fifth and Fourteenth Amendment and Article I, Sections 7 and 13 of the Idaho Constitution.

### III. DISCUSSION

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, house, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment requires suppression of evidence that is the fruit of unlawful police conduct. *Wong Sun v. United States*, 371 U.S. 471, 484, 83 S. Ct. 407, 9 L.Ed. 2d 441 (1963).

**A. Lee's Standing**

Lee does have standing to challenge the stop in this case. "[A]lthough a defendant may lack requisite possessory or ownership interest in a vehicle to directly challenge a search of that vehicle, the defendant may nonetheless contest the unlawfulness of his own detention and seek to suppress evidence found in the vehicle as the fruit of the [defendant's] illegal detention." *United States v. Nava-Ramirez*, 210 F.3d 1128, 1131 (10th Cir. 2000); *see also United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000) (holding that a passenger of a vehicle has "standing to seek suppression of evidence discovered in a

vehicle as the fruit of an unlawful stop") (internal quotations omitted). Further, when the driver of a vehicle is stopped, the passenger as well as the driver is seized "and so may challenge the constitutionality of the stop." *Brendlin v. California*, 551 U.S. 249, 168 L.Ed.2d 132, 127 S.Ct. 2400 (2007).

There are several ways a passenger such as Lee might show that evidence found in a car is the fruit of her own unlawful detention. Lee could "show that had [s]he requested to leave the scene of the traffic stop, [s]he would have been able to do so in [the] car." *United States v. DeLuca*, 269 F.3d 1128, 1133 (10th Cir. 2001). She could show that statements she made, or evidence found during her unlawful detention, prompted Scheierman to search the car and find evidence that would have otherwise remained hidden. *United States v.* Pulliam, 405 F.3d 782, 787 (9th Cir. 2005) (quoting *United States v. Martell*, 654 F.2d 1356, 1361 (9th Cir. 1981))

Here, the Government argues that Lee has no standing to complain of an unlawful search because she lacks standing. Though it is true that Lee, as a passenger of the vehicle, would not have standing to challenge an unlawful search based on her reasonable expectation of privacy, she may certainly seek to suppress evidence based on fruit of an unlawful stop. *Twilley*, 222 F.3d at 1095. Thus, the Court holds that Ms. Lee has standing to challenge Scheierman's search of the vehicle based on unlawful detention.

**B. Initial Traffic Stop**

The decision to make a traffic stop is reasonable "where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). There is no dispute that the stop for

exceeding Idaho tinting limits provided the initial probable cause for the traffic stop.

   C. **Prolonged Detention**

It is nevertheless clear that a seizure, though initially lawful at its inception, can violate the Fourth Amendment if its manner of execution unreasonably infringes interest protected by the Constitution. *United States v. Jacobsen*, 466 U.S. 109, 124, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission. *Illinois v. Caballes*, 125 S.Ct. 834 (2005).

Further, an officer must initially restrict the questions he asks during a stop to those that are reasonably related to the justification for the stop. *United State v. Perez*, 37 F.3d 510, 513 (9th Cir. 1994). Such reasonably related questions may include addressing the traffic violation, attend to safety concerns, checking the driver's license, registration, and proof of insurance, and determining whether there are outstanding warrants against the driver. *Rodriguez v. United States*, 575 U.S. 348, 354–55 (2015). The officer may expand the scope of the stop only if he notices particularized, objective factors arousing his suspicion. *Id*. Conversely, an inchoate and unparticularized suspicion or "hunch" cannot withstand scrutiny under the Fourth Amendment. *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). When assessing whether an officer possessed reasonable suspicion, a court must consider the totality of the circumstances. *United States v. Cortez*, 449 U.S. 411, 417 (1981).

Here, the Court finds that the stop was reasonably completed when Scheierman returned Robinson's possessions and told Robinson that he was only getting a warning this

time. Any extension of time or expansion of scope beyond that time, therefore, must be supported by reasonable suspicion.

Scheierman indicates that he had reasonable suspicion to extend the stop because upon initial contact with the vehicle, when Lee's window initially came down, Scheierman "thought he detected the odor of marijuana coming from inside of the vehicle."[1] However, there is some discrepancy between Scheierman's report and what he testified to during the hearing on September 25, 2019. During the hearing, Scheierman testified that he should have worded his report differently to reflect that he initially smelled marijuana, but he never again smelled it after Lee lit and extinguished a cigarette. In other words, Scheierman, though he originally said he only thought he smelled marijuana, now believes that he did in fact smell the marijuana and he was mistaken when he wrote his report. The Court finds this argument unpersuasive. Scheierman made his initial report—where he stated he *thought* he smelled marijuana—the same day as the underlying events, when they were still fresh on his mind. The Court is not convinced, based on statements made five months after the fact, that Scheierman was mistaken in his initial report and that he did in fact smell marijuana when he first approached Robinson's vehicle. In short, the Court finds Scheierman's initial report to be more accurate.

The Ninth Circuit has held that a "strong odor of marijuana emanating from a vehicle can constitute probable cause to search the vehicle." *United States v. Guzman – Padilla*, 573 F.3d 865, 886 n.5 (9th Cir. 2009). Yet here, Scheierman did not state there

---

[1] Exhibit A to Robinson's Motion to Suppress Evidence quotes Scheierman as saying he *thought* he detected the odor of marijuana coming from inside of the vehicle.

was a strong odor of marijuana emanating from the vehicle. Rather, he stated that he thought he smelled marijuana, but after the initial encounter with the odor he never smelled it again. The Court is not convinced that Scheierman *thinking* he smelled marijuana for a brief moment is enough to even rise to the level of reasonable suspicion, the required standard for Scheierman to abandon the reason for the initial stop—window tint—and start questioning Robinson and Lee about travel plans, medical marijuana, and employment. Especially because the smell never returned after Lee lit a cigarette.

Though it is a close call, even considering the totality of the circumstances, Scheierman did not have reasonable suspicion to extend the seizure. Aside from the brief scent of marijuana, Scheierman relies on Lee's pulsing carotid artery as justification for the extended stop. However, general signs of a nervous demeanor—such as a pulsing carotid artery—is common in encounters with law enforcement even when there has been no criminal activity. *See United States v. Chavez-Valenzuela*, 268 F.3d 719, 726 (9th Cir. 2001) (agreeing with other circuits that nervousness alone is not enough to arouse an officer's suspicion), overruled on other grounds by *Muehler v. Mena,* 544 U.S. 93, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005); *see also United States v. Wood*, 106 F.3d 942, 948 (10th Cir. 1997) (holding extreme nervousness was not enough to provide reasonable suspicion). Additionally, Scheierman was suspicious of Robinson and Lee's travel plans. During the lawful portion of the seizure, Robinson stated that he was traveling to Idaho Falls to sightsee and was not going to visit anyone in particular. The Court disagrees with Scheierman that this answer is objectively suspicious.

In sum, Scheierman did not possess a reasonable suspicion allowing him to extend the duration of the seizure. As such, Scheierman's questions concerning—and Lee's admission to—marijuana may not be used as support for probable cause to search the vehicle. As there are no other outstanding facts that would give Scheierman probable cause to search Robinson's vehicle, any evidence obtained from the search of Robinson's vehicle must be excluded as fruit of the poisonous tree unless the Government can provide an exception to this exclusion. As the Government has not done so, Defendants' motions to suppress are GRANTED.

## IV. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Melissa Lee's Motion to Suppress and Request for Hearing (Dkt. 25) is GRANTED.

2. Raysean Robinson's Motion to Suppress Evidence (Dkt. 30) is GRANTED.

DATED: February 25, 2020

David C. Nye
Chief U.S. District Court Judge